UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re:<br>　　NEIL E. RANCIATO AND<br>　　KRISTIN H. RANCIATO,<br>　　　　　　*Debtors* | : : : : : | Case No.: 18-31337 (AMN)<br><br>Chapter 7 |
| 　　MADELINE REYES,<br>　　*f/k/a* MADELINE WALKER<br>　　　　　　*Plaintiff*<br>v.<br>　　NEIL RANCIATO,<br>　　*d/b/a* INDEMNITY FIRST<br>　　　　　　*Defendant* | : : : : : : : : : : : : | Adv. Pro. No. 18-3031 (AMN)<br><br><br><br><br><br>Re:  AP-ECF No. 142 |

## MEMORANDUM OF DECISION AND
## ORDER DENYING MOTION FOR RECONSIDERATION

Before the court is a motion filed by the *pro se* debtor-defendant, Neil Ranciato ("Mr. Ranciato" or "defendant"), titled: "Notice of Appeal to United States Court of Appeals for the Second Circuit" (the "Motion").  AP-ECF No. 142.  Despite its title and applying a liberal reading to the document, the court construes the defendant to possibly be seeking reconsideration of this court's Memorandum of Decision and Order Granting Motion for Default Judgment in Part ("Decision") and Judgment by Default ("Default Judgment") in favor the plaintiff, Madeline Reyes f/k/a Madeline Walker ("Ms. Reyes" or "plaintiff").[1]  *See*,

---

[1]   "Generally, [t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Mamot v. Geico Car Ins.,* 21-CV-6717 (LTS), 2021 WL 5567389, at *1 (S.D.N.Y. Nov. 29, 2021)(*citing, Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  Rule 4 of the Federal Rules of Appellate Procedure, however, provides that, if a plaintiff files a Rule 59 or Rule 60 motion within 28 days after entry of judgment, a notice of appeal does not become effective until the … court disposes of the motion, even if the notice of appeal was filed first. *See,* Fed. R. App. P. 4(a)(4)(B)(i) and Fed.R.Bankr.P. 8002(b)(1) and (2) providing the same.

AP-ECF Nos. 134, 135.  The Default Judgment ordered that any debt owed to the plaintiff on account of her state law causes of action was non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4).[2]  ECF Nos. 134. 135.  The defendant's Motion specifically contests the embezzlement determination pursuant to Bankruptcy Code § 523(a)(4).  The plaintiff objected asserting, among other things, the Motion failed to comply with the Federal Rules of Civil and Bankruptcy Procedure and failed to provide any basis for reconsideration.  AP-ECF No. 145.  The court agrees with the plaintiff and for the reasons that follow, the Motion is denied.

### *RELEVANT PROCEDURAL BACKGROUND*

Over four years ago, on November 18, 2018, the plaintiff initiated this adversary proceeding by filing a complaint seeking a determination that a debt owed by the defendant was non-dischargeable.  AP-ECF No. 1.  On March 22, 2019, a default entered after the defendant's failed to appear and file a responsive pleading to the complaint.  AP-ECF No. 14.  Upon the defendant's motion and over the plaintiff's objection, on May 24, 2019, the court set aside the default and set a deadline for the filing of a responsive pleading.  AP-ECF Nos. 16, 17, 28, 31.  Despite the new opportunity to defend, the defendant failed to diligently participate in this adversary proceeding.  After the default was set aside, the defendant failed to:

- appear at a pre-trial conference scheduled on July 24, 2019;

- attend a status conference regarding discovery issues on January 7, 2020; and

- participate in discovery or respond to the plaintiff's discovery requests.
See AP-ECF Nos. 43, 47, 59, 72.

---

[2]    The provisions of Title 11, United State Code, comprise the Bankruptcy Code. Unless otherwise noted, references to statutes are to the Bankruptcy Code.

2

During a status conference held on January 23, 2020, the defendant admitted he had failed to respond to the plaintiff's discovery requests and agreed to respond before February 28, 2020.  AP-ECF No. 72.  The defendant failed to do so.  On July 16, 2020 following the onset of the COVID-19 pandemic (and more than 18 months into this litigation), the plaintiff moved for the entry of a default against the defendant for his failure to respond to discovery and for an award of attorney's fees as a sanction.  AP-ECF No. 90.  The defendant did not file an objection.  After notice and a hearing held on August 25, 2020, the court entered a default against the defendant on September 9, 2020.  AP-ECF No. 101. As to the request for a monetary sanction, the court directed the plaintiff's counsel to file an affidavit of attorney's fees.  AP-ECF No. 102.  The plaintiff's counsel filed his affidavit on October 2, 2020.  AP-ECF No. 107.  The defendant did not file a response to the affidavit.  Two months thereafter, on December 2, 2020, the court entered an order directing the defendant to pay $1,380 by January 8, 2021, as a sanction for his failure to comply with discovery.  AP-ECF No. 108.  On January 7, 2021, the defendant requested an additional forty-five days to make the payment, which the court granted. AP-ECF No. 110, 111.

Three months later, on March 1, 2021, the plaintiff filed the motion seeking a default judgment ("Default Judgment Motion").  AP-ECF No. 118.  The defendant did not file a response to the  Default Judgment Motion.  However, the defendant filed two additional requests for extensions of the time to pay the monetary sanction on March 4, 2021 and May 3, 2021.  AP-ECF No. 123, 127.

The Decision and Default Judgment entered on February 8, 2022.  AP-ECF No. 134, 135.  Fourteen days later, on February 22, 2022, the defendant requested an extension of an additional ten (10) days to file an appeal of the Decision and Judgment.

AP-ECF No. 138.  The court granted the defendant's request extending the time to appeal to March 4, 2022.  AP-ECF No. 139.

The defendant filed the instant Motion on March 4, 2022.  AP-ECF No. 142.  The Motion failed to identify whether the defendant was seeking relief pursuant to Fed.R.Civ.P. 59 or 60, made applicable here through Fed.R.Civ.P. 9023 and 9024, and, failed to state any reason why the court erred in determining the claim non-dischargeable for embezzlement under Bankruptcy Code § 523(a)(4).

The plaintiff objected asserting the defendant's motion should be denied for four primary reasons, including:

> (1) that it is unfair the defendant used funds to pay the $298.00 notice of appeal filing fee, but not the sanctions previously imposed (*see*, AP-ECF No. 108);
>
> (2) that the Motion fails to comply with Federal Rules of Bankruptcy and Civil Procedure requiring a memorandum of law stating a basis for the relief sought;
>
> (3) that the plaintiff is entitled to finality and significant time has been incurred in pursuing this Decision and Judgment; and
>
> (4) that the defendant fails to meet the standard for reconsideration.
> AP-ECF No. 145.

On March 23, 2022, the court heard argument regarding the Motion.  The defendant appeared arguing he was unable to present a defense to the Default Judgment Motion because of the COVID-19 pandemic and his numerous health concerns.  The defendant neither stated what his defense would have been to the Default Judgment Motion nor what, if any, error the court made in the Decision and Default Judgment.  No finding of fact was disputed.  The plaintiff asserted the defendant failed to show a basis for reconsideration and notwithstanding the COVID-19 pandemic, the defendant had sufficient time to defend this action and failed to do so.

## *RECONSIDERATION STANDARD*

Because the defendant's Motion fails to identify whether relief is sought pursuant to Fed.R.Civ.P. 59 or 60 made applicable here through Fed.R.Civ.P. 9023 and 9024, the court will address both provisions.

### *Rule 59 of the Federal Rules of Civil Procedure*

Fed.R.Civ.P. 59 ("Rule 59") does not provide specific grounds for amending or reconsidering a judgment. However, it is well settled in the Second Circuit that the three primary grounds for reconsideration are: "[(1)] an intervening change of controlling law; [(2)] the availability of new evidence; or [(3)] the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.,* 970 F.3d 133, 142 (2d Cir. 2020) (*citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)(*citing Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). A motion under Rule 59 will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Emiabata v. Seton Healthcare Fam.*, 20-1801, 2021 WL 4256846, at *1 (2d Cir. Sept. 20, 2021)(*citing, Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

### *Rule 60 of the Federal Rules of Civil Procedure*

Rule 60(a) of the Federal Rules of Civil Procedure ("Rule 60") permits the correction of clerical mistakes and inadvertent errors "where the judgment has failed accurately to reflect the actual decision of the decision maker," [but] it is not an appropriate

5

vehicle "to reflect a new and subsequent intent of the court." *Munn v. APF Mgt. Co., LLC*, 19-CV-10791 (CS), 2021 WL 2355308, at *3 (S.D.N.Y. June 9, 2021)(*citing, Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504, 505 n.11 (2d Cir. 2007)).

Rule 60(b) allows a party to obtain relief from a final judgment, order, or proceeding upon showing one of six enumerated circumstances. Fed.R.Civ.P. 60(b). "Rule 60(b)(1) [] is available to correct a substantive mistake of law or fact in a final judgment or order, [but] it is not an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed, and mere disagreement with a court's resolution of legal issues or dissatisfaction with the outcome of the case are not exceptional circumstances that warrant relief under Rule 60(b)(1)." *Munn*, 2021 WL 2355308, at *2 (internal citations omitted). Rule 60(b)(2) – (5) allows relief from a judgment for the following reasons: (2) newly discovered evidence, (3) fraud, (4) the judgment is void, or (5) the judgment has been satisfied. Fed.R.Civ.P. 60(b)(2)-(5).

Rule 60(b)(6) allows reconsideration on any other reason justifying relief, but "must be based upon some reason other than those stated in clauses (1)-(5)." Fed.R.Civ.P. 60(b)(6); *Adbul-Matiyn v. D.A.'s Off. Bronx County*, 21-CV-11074 (LTS), 2022 WL 794649, at *2 (S.D.N.Y. Mar. 15, 2022)(*citing, United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009)). "Movants seeking relief pursuant to Rule 60(b)(6) must show extraordinary circumstances justifying relief." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)(internal citations omitted). "The rule's "extraordinary circumstances" threshold is high; courts consistently deny Rule 60(b)(6) motions from movants who received unfavorable [] judgment decisions and fail to meet the standard." *Concepcion v. City of New York*, 15CV4844AMDLB, 2019 WL 3252749, at *1 (E.D.N.Y. July 18, 2019). "For purposes of Rule 60(b)(6), [when] determining whether extraordinary circumstances

6

are present, a court may consider a wide range of factors[,] [including], in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Lewis v. County of Nassau*, 17CV01666DLIAKT, 2022 WL 742873, at *2 (E.D.N.Y. Mar. 11, 2022)(*citing, Buck v. Davis*, 137 S. Ct. 759, 778 (2017)).

Under Rule 60, "[t]he burden of proof is on the party seeking relief." *Int'l Broth. of Teamsters*, 247 F.3d at 391. "Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)(*citing Montco, Inv. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)).

### *DISCUSSION*

After consideration of the defendant's arguments during the hearing on March 23, 2022 and in the Motion, the court finds them unpersuasive. Reconsideration is a high bar to meet whether under Rule 59 or 60. The defendant failed to identify any intervening change of controlling law, the existence of new evidence, or a need to correct a clear error pursuant to Rule 59. In a generous interpretation,[3] the defendant's articulated health and COVID-19 related hardships could be viewed as asserting it would be a manifest injustice if the Default Judgment was not reconsidered. However, even under this liberal interpretation, the arguments fail to meet the high bar for reconsideration. During the same period the defendant claims he was unable to mount a defense, he was able to file multiple requests for extensions of time to pay the sanctions imposed. The defendant could have sought an extension to respond to the Default Judgment Motion. He did not.

---

[3] "Pleadings and briefs submitted by *pro se* litigants are to be construed liberally, reading such submissions to raise the strongest arguments they suggest." *Lewis v. County of Nassau*, 17CV01666DLIAKT, 2022 WL 742873, at *1 (E.D.N.Y. Mar. 11, 2022)(*citing, McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)).

7

The court is unable to conclude it would be a manifest injustice to let the Decision and Judgment stand on this record.

None of the defendant's arguments satisfy reconsideration under Rule 60(b)(2) – (5). The defendant failed to point to a substantive mistake of law or fact sufficient to reconsider the Decision and Judgment and the defendant's dissatisfaction is insufficient under Rule 60(b)(1). During the hearing held on March 23, 2022, the defendant failed to articulate why the Decision and Judgment were wrong. Rather, he cursorily asserted he disagreed and had been unable to defend this action because of health and COVID-19 related issues.

Being solicitous to the defendant's *pro se* status, the strongest argument the court construes the defendant as making is that his health and COVID-19[4] related issues constitute exceptional circumstances justifying relief under Rule 60(b)(6). However, for reasons similar to those addressing relief under Rule 59, the court is unpersuaded the circumstances here justify relief. The Default Judgment Motion was pending almost a year before the court entered a decision. The defendant managed to file two requests for extensions of time related to the payment of the sanction during this time. But why he could not file anything in response to the Default Judgment Motion is unexplained. The defendant had both notice[5] and the opportunity to contest the Default Judgment Motion. These circumstances are far from extraordinary. The court sees no other reason

---

[4] Another court faced with a *pro se* litigant asserting health and COVID-19 related issues concluded such circumstances did not warrant reconsideration under Rule 59 and 60. *See, Mamot v. Geico Car Ins.,* 21-CV-6717 (LTS), 2021 WL 5567389, at *2 (S.D.N.Y. Nov. 29, 2021)("Plaintiff states that he is 88 years old, Filipino, suffers from a number of health conditions, experienced a "difficult COVID recovery," and would like his "day in court." … None of this information demonstrates that reconsideration of the Court's legal decision is warranted.").

[5] The record is clear the defendant was served with the Motion for Default Judgment at his last known address and also via email. Fed.R.Civ.P. 5 permits service of motion papers by mail at a party's "last known" address, in which event service is complete upon mailing. Fed.R.Civ.P. 5(b)(2)(c).

8

justifying the requested relief and demonstrating an exceptional circumstance warranting the court revisit its embezzlement conclusion under Rule 60(b)(6).

The court has considered all other arguments presented by the defendant and finds them to be without merit.

**ACCORDINGLY**, it is hereby

**ORDERED**: That the defendant's motion seeking reconsideration, ECF No. 142, is DENIED.

Dated this 24th day of March, 2022, at New Haven, Connecticut.



*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut